*In re* ACH ESTATE.

ACH *v.* ACH.

1. EXECUTORS AND ADMINISTRATORS—ALLOWANCE OF FEES AND EX-
PENSES—STATUTES.

By statute, every guardian, testamentary trustee, or administrator
shall be allowed the amount of his reasonable expenses incurred
in the execution of his trust, and he shall also have such com-
pensation for his services as the court, in which his accounts
are settled, shall deem to be just and reasonable (CL 1948,
§ 704.33).

2. APPEAL AND ERROR—EXECUTORS AND ADMINISTRATORS—ALLOW-
ANCE OF FEES—JUDICIAL DISCRETION—FIDUCIARIES.

Discretion is vested in the trial court in the allowance of items
contained in the final account of one charged with the admin-
istration of an estate, and the decision of the trial court,
whether it results in a charge in favor of or against a fidu-
ciary will only be overruled when there appears to have been
a manifest abuse of such discretion.

3. EXECUTORS AND ADMINISTRATORS—ALLOWANCE OF FEES AND EX-
PENSES—APPEAL AND ERROR—DISCRETION OF COURT.

Allowance to special administrator of a fee of $100 for his serv-
ices as administrator, and allowance of an attorney fee of
$225, and disallowance of all claimed expenses of administra-
tion *held,* proper, where record fails to establish that acts of
special administrator, giving rise to the fees and expenses
claimed, were a necessity in the execution of the trust, since
the Court of Appeals does not reverse the decision of the
trial court in the allowance of items of such character unless
the record establishes a manifest abuse of discretion by the
trial court (CL 1948, § 704.33).

Appeal from Shiawassee; Carland (Michael), J.
Submitted Division 2, March 2, 1967, at Lansing.
(Docket No. 2,405.)   Decided June 27, 1967.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur, Executors and Administrators §§ 510, 519.
[2, 3] 21 Am Jur, Executors and Administrators § 541 *et seq.*

Stephen Ach, special administrator of the estate of Libor Ach, deceased, filed with the Shiawassee County Probate Court his final account as special administrator of said estate, which included sums claimed for fees and expenses of administration and attorney fees. William Ach and Louise Rosina objected to the amount of said items. The probate court allowed the account, except for said items which it took under advisement. When the probate court entered no opinion thereon within 90 days, plaintiff appealed to the circuit court which allowed no expenses, a special administrator's fee of $100, and an attorney fee of $225. Plaintiff appeals. Affirmed.

*Kelly & Stevens,* for plaintiff.

*Norman J. Van Epps,* for defendants.

QUINN, J. As special administrator of the estate of Libor Ach, deceased, Stephen Ach filed his final account with the Shiawassee county probate court. This account, as amended, was allowed except for the amount of special administrator's fees and expenses and the attorney fees for the special administrator. The probate judge took under advisement the decision on the amount of these fees and expenses but he never decided the amount of the fees and expenses. On appeal to the circuit court, the special administrator was allowed a fee of $100 and no expenses, and his attorney was allowed a fee of $225. The appeal to this Court followed.

CL 1948, § 704.33 (Stat Ann 1962 Rev § 27.3178 [284]) is controlling and provides in pertinent part as follows:

"Every guardian, testamentary trustee or special administrator shall be allowed the amount of his

reasonable expenses incurred in the execution of his trust, and he shall also have such compensation for his services as the court in which his accounts are settled shall deem to be just and reasonable."

On review of similar questions, our Supreme Court has consistently held,

"In the allowance of items of this character as a charge in favor of or against an executor a measure of discretion is vested in the trial court; and it is only when there appears to have been a manifest abuse of such discretion that the decision of the trial court will be overruled." *In re Baldwin's Estate* (1945), 311 Mich 288, 311.

This standard was affirmed in *In re Eddy Estate* (1958), 354 Mich 334, 347.

The record before us does not establish a "manifest abuse of discretion" with respect to the fees allowed, nor does it do so with respect to disallowance of expenses claimed by the special administrator. The statute states "reasonable expenses incurred in the execution of his trust," and from its action in disallowing any expenses, we infer the trial court found that none of the expenses claimed were reasonable within the context of the statute. A review of the record does not convince us such a finding was a manifest abuse of discretion, since the record fails to establish that the acts of the special administrator giving rise to the claimed fees and expenses were a necessity in the execution of his trust.

Affirmed, with costs to defendants.

T. G. KAVANAGH, P. J., and McGREGOR, J., concurred.