*In re* BAIRD ESTATE

Docket No. 71612. Submitted May 2, 1984, at Detroit.—Decided
September 18, 1984.

Mary Jane Baird, also known as Mary Jane Sherman, died
intestate. Among the assets of her estate was a bar. Melvin W.
Frederick was appointed personal representative of the estate
and soon thereafter began managing the bar. About 19 months
later Frederick was discharged as personal representative be-
cause of poor health, and successor co-representatives were
appointed. Frederick thereafter filed a petition for allowance of
his final account in which he requested a reasonable fee for his
services. The Macomb County Probate Court, James F. Now-
icki, J., following a hearing on the matter, set Frederick's
compensation at $49,375. The decedent's spouse, David Sher-
man, and Kathleen Lee Lange, heirs at law of the decedent,
appealed, alleging that the probate court abused its discretion
in setting the amount of compensation due Frederick. *Held:*

  The burden of proof is on a claimant to satisfy the court that
the services rendered were necessary and that the charges
therefor are reasonable. In determining the reasonable value of
services rendered, the court may consider the effort expended,
but that alone cannot be considered dispositive. Here, Frederick
testified that he did none of the barkeeping or accounting, and
offered no documentation of the services he actually performed
or the time spent performing them. The probate court abused
its discretion in allowing Frederick's claim for compensation
without adequate evidence of the value of the services per-
formed.

  Reversed and remanded.

1. Executors and Administrators — Personal Representative's
    Compensation — Appeal.

  A personal representative is to be allowed reasonable compensa-
tion for his services to the estate of a decedent, and the Court
of Appeals will not reverse a probate court's decision setting a

References for Points in Headnotes
[1-3] 31 Am Jur 2d, Executors and Administrators §§ 4, 486 *et seq.*
[2] 31 Am Jur 2d, Executors and Administrators § 294 *et seq.*

personal representative's compensation absent an abuse of discretion (MCL 700.541; MSA 27.5541).

2. EXECUTORS AND ADMINISTRATORS — PERSONAL REPRESENTATIVE'S COMPENSATION — BURDEN OF PROOF.

A person claiming compensation for services as a personal representative has the burden of satisfying the court that the services rendered were necessary and that the charges therefor are reasonable; a claimant's failure to present records concerning his services is usually weighed against him.

3. EXECUTORS AND ADMINISTRATORS — PERSONAL REPRESENTATIVE'S COMPENSATION — VALUE OF SERVICES.

The effort expended by a personal representative may be an indicator of the value of his services but cannot be considered dispositive by a court in determining the amount of compensation to be paid the personal representative for his services.

*Irving D. Robinson,* for appellants.

*Darden, Neef & Heitsch* (by *Lawrence D. Heitsch),* for appellee, Melvin W. Frederick.

Before: GRIBBS, P.J., and HOOD and R. D. KUHN,* JJ.

PER CURIAM. David Sherman and Kathleen Lee Lange, heirs at law of Mary Jane Baird, appeal as of right from a May 4, 1983, order of the Macomb County Probate Court, allowing appellee Melvin W. Frederick, former personal representative of the estate, $49,375 in compensation for services rendered to the estate.

Mary Jane Baird died intestate in April of 1981, leaving a spouse, David Sherman, and three adult children by a previous marriage, as heirs at law. The main assets of the estate were a bar known as the "Three Star Lounge", the marital home, and some rental property. On April 28, 1981, Melvin Frederick was appointed personal representative

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of the estate and soon began managing the Three
Star Lounge.

Mr. Frederick was discharged as personal repre-
sentative on December 22, 1982, because of poor
health; successor co-representatives were ap-
pointed. On March 16, 1983, Frederick filed a
petition for allowance of his second and final ac-
count, in which he requested a reasonable fee for
his services.

At a hearing on May 4, 1982, Frederick re-
quested a fee of $85,000, to which appellant Sher-
man objected. Frederick then testified that he
managed the bar from May 1, 1981, until Decem-
ber 21, 1982. He did not keep an account of his
hours, but estimated that he spent 5,700 hours
managing the bar. His services did not include
either bartending or accounting and he admitted
never having had any previous experience in man-
aging a bar. The only other witness at the hearing
was James Rosa, a creditor of the estate and a
former bar owner. He felt that a manager for a
bar could be hired for $250 per week and that the
person hired would also act as a bartender, elimi-
nating the need to pay the salary of an additional
employee. During Frederick's tenure as personal
representative, the bar realized a net profit of
$17,279. This calculation of profit does not allow
for payment to Frederick for his services.

At the conclusion of the hearing, the court
allowed Mr. Frederick $2,500 per month for his 19-
3/4 months of service to the estate, totalling $49,-
375. The sole issue on appeal is whether the trial
court abused its discretion in determining the
amount of just and reasonable compensation for
the personal representative. We hold that it did.

Compensation of personal representatives is gov-
erned by § 541 of the Revised Probate Code, MCL
700.541; MSA 27.5541, which states, in part:

"A fiduciary shall be allowed the amount of his or her reasonable expenses incurred in the administration of the estate and shall also have such compensation for his or her services, both ordinary and extraordinary, as the court in which the fiduciary's accounts are settled deems to be just and reasonable."

Section 541 of the Revised Probate Code has not yet been the subject of a detailed interpretation in the published opinions of Michigan's appellate courts. This Court has indicated that § 541 imposes the same standard of just and reasonable compensation for fiduciaries as did its predecessor provision, MCL 704.33; MSA 27.3178(284). *In re Brack Estate,* 121 Mich App 585, 590-591; 329 NW2d 432 (1982). Section 541 did not alter Michigan law concerning the determination of just and reasonable compensation for a fiduciary who renders services to an estate.

We also note § 541's similarity to § 3-719 of the Uniform Probate Code, which also states that a "personal representative is entitled to reasonable compensation for his services". Judicial interpretations of similar statutory provisions from other jurisdictions may also prove helpful in interpreting § 541.

This Court will not reverse a probate court's decision setting a personal representative's compensation absent an abuse of discretion. See *In re Finn's Estate,* 281 Mich 478, 484; 275 NW 215 (1937); *In re Ach Estate,* 7 Mich App 228, 230; 151 NW2d 363 (1967).

The burden of proof is on the person claiming compensation. *In re Eddy Estate,* 354 Mich 334, 348; 92 NW2d 458 (1958). The claimant must satisfy the court that the services rendered were necessary and that the charges therefor are reasonable. *In re Grover's Estate,* 233 Mich 467, 476;

206 NW 988 (1926); see also *In the Matter of Estes Estate,* 134 Ariz 70; 654 P2d 4 (1982); *In the Matter of Painter Estate,* 39 Colo App 506; 567 P2d 820 (1977). A claimant's failure to present records concerning his services is usually weighed against him. See *Grover's Estate, supra,* p 476; see also *In re Kiebler Estate,* 131 Mich App 441, 444; 345 NW2d 713 (1984).[1]

In determining compensation for the services of a personal representative, the court must determine the reasonable value of the services performed. Effort expended may be an indicator of value, but cannot be considered dispositive. In *Becht v Miller,* 279 Mich 629, 636-637; 273 NW 294 (1937), the Supreme Court substantially reduced a fee awarded to an attorney who had represented the estate. In that case, attorney Lamb submitted a claim for compensation for 1,400 hours of work in addition to 26 days in court. The Court, noting that Lamb had undoubtedly expended considerable time and effort, nonetheless reduced his fee from $7,500 to $2,000. It conducted its own review of the evidence to determine what work was necessary and fixed compensation at its estimate of the value of the work. In doing so, it disregarded the expert testimony of attorneys who had estimated value based on the number of hours allegedly worked by the attorney. *Becht, supra,* p 641. Evidence establishing the value of services is insufficient to support a claim if the need for the services has not been proven.

In this case, Frederick testified that he spent 12 hours a day at the bar, but did not show what

---

[1] PCR 707.1(d)(2) governs the contents of accountings by a personal representative. It states, "[a] written description of services performed must be included or appended regarding compensation sought by a fiduciary". We note that Frederick's request for a reasonable fee for his services did not comply with this provision.

services he performed during that period each day. He did none of the actual bartending and hired an accountant to do the books. Frederick offered no documentation concerning the services he actually performed or the time required to perform them. Most importantly, the probate court did not require sufficient evidence of the value of the services performed. It is the value of the services required which is determinative. Time spent is only one indicator of value and may be a poor one where, as here, a fiduciary's conduct is challenged as commercially unreasonable. See *Becht, supra.* Although a fiduciary is ordinarily entitled to just compensation for his efforts, such compensation must also be reasonable to the estate.

Independent of his management of the bar, nothing in the record indicates what services Frederick was required to perform as personal representative. Absent proof of the necessary services performed and their value, no compensation may be awarded.

We find that it was an abuse of discretion to allow appellee Frederick's claim for compensation without adequate evidence of the value of the services he performed for the estate. We reverse the probate court order allowing the claim for compensation and remand for an evidentiary hearing for a determination of just and reasonable compensation.

Reversed and remanded.