KINCAID v DETROIT MUTUAL INSURANCE COMPANY

Docket No. 89177. Submitted March 3, 1987, at Detroit. Decided June 2, 1987. Leave to appeal applied for.

Dennis Kincaid sustained totally disabling injuries arising out of and in the course of his employment with Detroit Mutual Insurance Company in 1970. In 1976, a Bureau of Workers' Disability Compensation referee awarded Kincaid weekly benefits of $166.67, consisting of $80 in general disability benefits and $86.67 in differential benefits payable by the Second Injury Fund. The award was affirmed by the Workers' Compensation Appeal Board in 1978. On April 9, 1982, Kincaid filed a petition with the bureau seeking payment of supplemental compensation benefits pursuant to 1980 PA 357; MCL 418.352; MSA 17.237(352). Kincaid died while the petition was pending and Violet Kincaid, his widow, was substituted as petitioner. Following a hearing, a referee awarded a supplement of $31.33, thereby raising the weekly compensation to $198. The referee had arrived at this figure after the following calculations: the prior total compensation of $166.67 was multiplied by the statutory inflation rate of 0.71 to arrive at a supplement of $118, to which $166.67 was added to arrive at a total of $284.67, then $86.67 in differential benefits was subtracted, leaving a final figure of $198. The Compensation Supplement Fund appealed to the wcab, contending that only the general disability benefit of $80 'should have been increased by the inflation factor because the phrase "weekly compensation" in § 352(1) does not include differential benefits. The csf contended that the proper calculation was: $80 multiplied by 0.71 for a total supplement of $56.80. However, since the differential benefit of $86.67 was greater than the supplement, and the supplement had to be reduced by the differential benefits under § 352(5), petitioner was not entitled to any supplement. The wcab agreed and reversed the hearing referee. Petitioner appealed.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 338 *et seq.*; 364.

See the annotations in the Index to Annotations under Workers' Compensation.

The Legislature intended the term "weekly compensation rate" to include both the general or basic weekly benefits paid by the employer and the weekly differential benefits paid by the Second Injury Fund. Thus, differential benefits are not to be excluded from the calculation of the supplement, but are to be subtracted from the supplement after it has been calculated and before it is paid. Petitioner therefore is entitled to a weekly supplemental benefit of $31.33, as calculated by the referee, for the period between January 1, 1982, the effective date of § 352, and February 8, 1983, the date of Dennis Kincaid's death.

Reversed and remanded.

WORKERS' COMPENSATION — WEEKLY COMPENSATION RATE — SUPPLE-
MENTAL BENEFITS.

The term "weekly compensation rate," as used in § 352(1) of the Workers' Disability Compensation Act which provides for a supplement to the weekly compensation paid to an employee who receives or is entitled to receive the maximum benefit for a total disability as provided in § 351 or to the dependent of a deceased employee who receives or is entitled to receive death benefits under § 321 whose benefits are based on a date of personal injury between September 1, 1965, and December 31, 1979, includes both basic or general disability payments made by the employer and weekly differential benefits paid by the Second Injury Fund (MCL 418.352; MSA 17.237[352]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Barbara F. Grossman*), for petitioner.

*Fitzgerald, Hodgman, Cox, Cawthorne & McMahon* (by *John P. Baril*), for defendants Detroit Mutual Insurance Company and Liberty Mutual Insurance Company.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Ray W. Cardew, Jr.,* Assistant Attorney General, for the Compensation Supplement Fund.

Before: M. J. Kelly, P.J., and Sullivan and
P. R. Joslyn,* JJ.

M. J. Kelly, P.J. What does the term "weekly
compensation rate"[1] include? Does it include only
the benefits paid by the employer (workers' com-
pensation carrier) or does it also include differen-
tial benefits paid by the Second Injury Fund?

We hold that the weekly compensation rate
described in § 352 includes both basic or general
disability payments made by employers and
weekly differential benefits paid by the Second
Injury Fund. The Workers' Compensation Appeal
Board is reversed.

Decedent Dennis Kincaid suffered a work-related
injury on January 12, 1970, which rendered him
totally and permanently disabled. On January 14,
1976, a workers' compensation referee awarded
decedent benefits of $166.67 per week consisting of
$80 in general disability benefits and $86.67 in
differential benefits payable by the Second Injury
Fund. This award was affirmed by the Workers'
Compensation Appeal Board in 1978 and is not
here a matter in dispute.

1980 PA 357 added § 352 to the Workers' Dis-
ability Compensation Act, which provided that
effective January 1, 1982, certain employees were
to be paid a supplemental benefit in addition to
their weekly compensation benefits. This Court
explained the new section in *Maglothin v Tryco
Steel Corp,* 137 Mich App 640, 643, n 1; 357 NW2d
912 (1984):

> MCL 418.352; MSA 17.237(352) established the
> right of employees receiving compensation benefits
> under MCL 418.351; MSA 17.237(351) to be paid a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCL 418.352(1); MSA 17.237(352)(1).

supplement based on the employee's weekly compensation rate. The insurer or self-insurer is responsible to pay the supplement and is entitled to reimbursement for the payments from the CSF. The CSF, established in MCL 418.391; MSA 17.237(391), is financed by legislative appropriation from general tax revenues of the state.

This appeal involves the proper computation of the compensation supplement for a claimant receiving both general disability benefits and differential benefits for total and permanent disability. Subsections (1) and (5) of § 352 provide in pertinent part:

(1) Beginning January 1, 1982, an employee receiving or entitled to receive benefits equal to the maximum payable to that employee under section 351 or the dependent of a deceased employee receiving or entitled to receive benefits under section 321 whose benefits are based on a date of personal injury between September 1, 1965, and December 31, 1979, shall be entitled to a supplement to weekly compensation. The supplement shall be computed using the total annual percentage change in the state average weekly wage, rounded to the nearest 1/10 of 1%, as determined under section 355. The supplement shall be computed as a percentage of the weekly compensation rate which the employee or the dependent of a deceased employee is receiving or is entitled to receive on January 1, 1982 had the employee been receiving benefits at the time, rounded to the nearest dollar.

\* \* \*

(5) An employee who is eligible to receive differential benefits from the second injury fund shall be paid the supplement pursuant to this section as reduced by the amount of the differential payments being made to the employee by the second injury fund at the time of the payment of the supplement pursuant to this section.

On April 9, 1982, decedent filed a petition seeking payment of supplemental compensation benefits under § 352. Decedent died on February 8, 1983, while his petition was still pending before the bureau, and his widow substituted. Thus, the compensation supplement in dispute is for the period between January 1, 1982, when the act became effective, and February 8, 1983, the date of Kincaid's death. A hearing was held before Referee Sue Weisenfeld on May 11, 1983. In a decision mailed on July 22, 1983, the referee granted petitioner's petition for supplemental benefits and awarded petitioner compensation supplement of $31.33, thereby raising decedent's weekly compensation to $198 per week. In her calculation, the referee multiplied decedent's prior total compensation (general disability and total and permanent disability) by the statutory inflation rate (0.71) to arrive at a supplement of $118. She then added that to decedent's total compensation ($166.67) for a total of $284.67. She next deducted decedent's differential benefits, as apparently required by § 352(5) quoted above, and arrived at a new compensation rate of $198 per week, $80 payable by Liberty Mutal, $86.67 by the Second Injury Fund, and $31.33 by the Compensation Supplement Fund.[2] The calculation is as follows:

[2] The Compensation Supplement Fund was created by 1980 PA 357, MCL 418.391; MSA 17.237(391), effective January 1, 1981: "The compensation supplement fund is created as a separate fund in the state treasury. The fund shall be administered by the state treasurer . . . . The legislature shall appropriate to the compensation supplement fund from the general fund the amounts necessary to meet the obligations of the compensation supplement fund under § 352, and the administrative costs incurred by the bureau under this section."

$166.67 (total weekly comp, $80 general disability and $86.67 differential benefit)
×    .71 (inflation factor)
= $118.00 (supplement)
+   166.67 (total compensation)
= $284.67
−    86.67 (the differential)
= $198.00 (total)

The Compensation Supplement Fund appealed to the WCAB, contending that only the general disability benefits should have been increased by the inflation factor because the phrase "weekly compensation" in § 352(1) does not include differential benefits. Thus, the proper calculation according to the fund was: general disability ($80) multiplied by the inflation factor, (0.71), for a total supplement of $56.80. However, since decedent's differential benefits were greater than the supplement, and the supplement had to be reduced by the differential benefits under subsection (5), petitioner was not entitled to any supplement.

The WCAB stated that the issue involved in the instant case was one of first impression and by opinion and order mailed November 1, 1985, reversed the decision of the referee and held that decedent was not entitled to supplemental benefits from the Compensation Supplement Fund. It is from this opinion and order that petitioner takes the instant appeal.

The first issue to be decided by this Court is what meaning the Legislature intended to ascribe to the words "weekly compensation rate" contained in § 352. Petitioner contends that weekly compensation rate as contained in § 352 includes basic or general disability payments made by a claimant's employer as well as differential benefits paid by the Second Injury Fund.

As originally enacted, the third sentence of § 352(1) read as follows:

> The supplement shall be computed as a percentage of the *basic* compensation rate and rounded to the nearest dollar. [Emphasis added.]

The Legislature subsequently amended that sentence, effective January 1, 1982, to its current form:

> The supplement shall be computed as a percentage of the *weekly* compensation rate . . . , rounded to the nearest dollar. [Emphasis added.]

Petitioner contends that the insertion of the broader term weekly compensation rate suggests a legislative intent to compute supplemental benefits on the total weekly benefits received by the employee, whether or not that total is derived from two different sources, the employer and the Second Injury Fund. In any event, and as argued by petitioner, the fact that the Legislature did not expressly exclude differential benefits paid by the Second Injury Fund is of some significance.

It is our conclusion that the Legislature did intend the term weekly compensation rate to include both the general or basic weekly benefits paid by the employer and the weekly differential benefits paid by the Second Injury Fund. The language of subsection (5) supports this conclusion. Subsection (5) expressly provides that an employee eligible to receive differential benefits from the Second Injury Fund shall also be paid supplemental benefits, though the supplemental benefit shall be reduced by the amount received by the employee in the form of differential benefits.

We hold that the differential benefits are not to

be excluded from the *calculation* of the supplement, but are to be subtracted from the supplement *after* it has been calculated and before it is paid. We rely heavily on the amending language of § 352 which excluded the more narrow term "basic compensation" in favor of the broader term "weekly compensation."[3] We find that the statute evidences an intent to include differential benefits within the meaning of weekly compensation. Not only does the statute explicitly mandate such an inclusion in subsection (5) but it implicitly mandates such an inclusion by failing to expressly exclude differential benefits from the weekly compensation rate.

We decline to defer to the Workers' Compensation Appeal Board's interpretation of terms because interpretation of a statute is a matter of law. The board reasoned that including differential benefits in an employee's weekly compensation rate would result in a "double dip" for claimants with total and permanent disabilities. There is no such double dip because subsection (5) mandates reduction of the supplement by the amount of the differential benefit. We believe that the board's interpretation contravenes the Legislature's intent to treat permanently disabled persons with special

[3] The Compensation Supplement Fund argues that the Legislature erred in first inserting the term "basic compensation rate" in the enabling legislation since it had never used that term in any context within the Workers' Disability Compensation Act. The fund argues without any evidentiary predicate that the Legislature decided to eliminate the term "basic compensation rate" so as to avoid the possibility of having the courts misconstrue it. The fund says in its supplemental brief:

> The Legislature was faced with the alternative of allowing the Courts to construe a term that it had never used nor defined or, alternatively, enacting amendment which would clarify its intent.

That argument was not presented below nor addressed by the director or the appeal board and we have no legislative history supporting it.

attention. See *King v Second Injury Fund,* 382 Mich 480; 170 NW2d 1 (1969). We hold that petitioner is entitled to $31.33 weekly supplemental benefits for the period between January 1, 1982 and February 8, 1983, and remand to the board for entry of an award accordingly.[4]

Reversed and remanded.

---

[4] In her brief on appeal, petitioner requests remand for entry of an award of $31.33 per week from January 1, 1982, to February 8, 1983, plus interest pursuant to MCL 418.801(5); MSA 17.237(801)(5). The Compensation Supplement Fund argues that if petitioner succeeds on appeal, interest should not be available on the award because § 801(5) was not intended to apply to supplemental awards. Since the appeal board did not rule on this issue given its disposition of the principal issue, we decline to address the availability of interest on appeal. The parties are free to present this question to the board in the proceedings on remand.