*In re* BENDER'S ESTATE.

APPEAL OF HOMRICH.

1. GUARDIAN AND WARD—INSANE PERSONS—COMPENSATION OF GUARDIAN.

The probate court, in allowing compensation to the guardian of a mentally incompetent person, should consider the extent and manner of services rendered, and the amount allowed to a former guardian is not the proper measure.

2. SAME.

An award of $250 to a guardian for his services for a little over a year, *held*, ample for the service rendered.

3. SAME—GUARDIAN MAY NOT LOAN TO HIMSELF WARD'S FUNDS.

A guardian may not loan any part of the trust fund to himself, or use it to pay his personal obligations to another, or in financing his personal affairs.

4. SAME—GUARDIAN CHARGEABLE WITH AMOUNT PAID FOR MORTGAGE ON OWN FARM.

A guardian who gave his mother a mortgage on his farm, and then purchased the mortgage with his ward's funds, was properly charged with the amount thereof, although the security was ample.

5. SAME—PROBATE COURT COULD NOT AUTHORIZE GUARDIAN TO PURCHASE MORTGAGE ON OWN FARM.

The probate court could not authorize purchase by a guardian of a mortgage on his own farm with funds belonging to his ward.

6. SAME—ALLOWANCE FOR ATTORNEY'S FEES WITHIN DISCRETION OF COURT.

Where the court was fully informed of the nature and extent of the professional services rendered a guardian by his attorney, an exercise of sound discretion in allowing compensation therefor was not inhibited by the uncontradicted testimony of the attorney as to what he considered such services worth.

On power of court to authorize guardian to borrow ward's money, see annotation in 30 A. L. R. 460.

Error to Allegan; Cross (Orien S.), J. Submitted February 7, 1929. (Docket No. 170, Calendar No. 33,745.) Decided March 29, 1929.

The Grand Rapids Trust Company, as administrator of the estate of Ella Bender, deceased, and administrator *de bonis non* of the estate of Eva Bender, deceased, filed objections to the final report of Henry Homrich, guardian of the estate of Ella Bender. Certain items were disallowed by the probate court and, on appeal of the guardian, the disallowance was affirmed by the circuit court, and he brings error. Affirmed.

*Fred C. Temple,* for appellant.

*Taggart & Kingston,* for administrator.

WIEST, J. In this case the probate court passed upon a guardian's account, the guardian appealed to the circuit court, and now reviews, by writ of error, the holding in the circuit relative to his compensation as guardian, fees allowed his attorney, and refusal to credit him with an asserted investment secured by mortgage.

Ella Bender was mentally incompetent. For many years, and up to the time of her death, she was cared for at the Kalamazoo State hospital. In May, 1924, Henry Homrich was appointed guardian, and acted as such until the death of his ward in 1925. Peter Homrich, father of Henry, had been guardian for years, but died just before Henry was appointed. The probate court had allowed Peter $300 a year as compensation, but denied a like amount to Henry, and Henry insists upon the right to have his compensation measured by that allowed his father. Such is not the measure. The probate court should,

and did consider the extent and manner of services rendered by Henry. During his guardianship of a little over one year Henry made five loans. Two of the loans were to his relatives, one to his attorney, and one to himself. The court awarded him $250 for his services as guardian, $20 for use of his automobile, and $25 for extra services at the time of the funeral of the ward. Considering the slight amount of service performed, the nature thereof, and the difficulty in ascertaining and stating an account, the award was ample.

The guardian's mother held an unrecorded mortgage on his 80-acre farm, calling for the sum of $3,500, and she wanted the money. The guardian gave his mother a new mortgage on the farm for $3,500, and then, as guardian, purchased the mortgage with the money of his ward. The probate court, and, upon appeal, the circuit court, charged him with the $3,500. The transaction cannot be considered in any other light than though he, as owner of the farm, had given himself, as guardian, the mortgage. The guardian may not loan any part of the trust fund to himself, or use the same to pay his personal obligation to another, or in financing his personal affairs. A departure from such rule might operate to lessen fealty to the trust, bring self-interest in opposition to duty, and open the way to fraud. Even if the mortgage was ample security, the rule is the same, and such use of the trust fund no investment to be recognized by any court. But it is claimed that the probate judge said such investment might be made if the security was ample. The probate court, and much less the judge, could make no such authorization. The following cases support what we have said: *Sowers* v. *Pollock,* 112 Kan. 599 (212 Pac. 103, 30 A. L. R. 458); *Fidelity & Deposit*

*Co.* v. *Freud,* 115 Md. 29 (80 Atl. 603) ; *In re Bates' Guardianship,* 70 Okla. 321 (174 Pac. 743).

The attorney for the guardian contends that, in the absence of any counter showing, the court could not depart from the value he placed, in his testimony, upon his professional services rendered the guardian. The court was fully informed of the nature and extent of the professional services rendered, and an exercise of sound discretion was not inhibited by the testimony of the attorney as to what he considered such services worth.

The estate of the incompetent person was not large. Legal advice and services related mainly to simple matters, and we think the allowance for attorney fees was sufficient to cover all needed service.

The judgment in the circuit is affirmed, with costs against Henry Homrich, personally.

NORTH, C. J., and FEAD, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.