*In re* ESTATE OF WEAVER

Docket No. 59135. Submitted June 23, 1982, at Detroit.—Decided September 23, 1982.

Anna C. Weaver died testate leaving a gross estate of $66,955. The will was admitted to probate in Wayne Probate Court, Ira G. Kaufman, J. The estate was billed for $8,500 in attorney fees and $3,500 for the services of Laura Weaver, personal representative of the estate of Anna C. Weaver. Donald Weaver and five other beneficiaries having an interest in the estate residue sought to have the combined fees of the attorney and the personal representative reduced to a total of $8,500. The probate court, after an evidentiary hearing, set the attorney fees at $6,500 and the personal representative's fees at $3,500. The personal representative appeals. The residual beneficiaries cross-appeal. *Held:*

1. The probate court did not abuse its discretion in setting the reasonable compensation for the legal services. The record clearly shows that the court considered the relevant factors in making its decision and exercised its independent judgment in that determination.

2. The appeal of the personal representative cannot be said to be vexatious so as to justify the imposition of punitive damages.

Affirmed.

1. ATTORNEY AND CLIENT — ATTORNEY FEES — DECEDENT'S ESTATE — PROBATE COURT — APPEAL.

A probate court, in order to ascertain the reasonable value of legal services to an estate, should consider the time spent on behalf of the estate, the amount involved, the character of the services rendered, the skill and experience called for in performance of the work and the results obtained; the value of disputed attorney services is a matter addressed to the probate court's discretion and the probate court's exercise of that

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Attorneys at Law §§ 238, 260, 277 *et seq.*

Amount of attorneys' compensation in proceedings involving wills and administration of decedents' estates. 58 ALR3d 317.

discretion will be overturned on appeal only upon a showing of an abuse of discretion.

2. ATTORNEY AND CLIENT — ATTORNEY FEES — PROBATE COURT.

The discretion of a probate court to determine the fees to be imposed upon a decedent's estate for legal services rendered to the estate should not be inhibited by the attorney's own opinion as to what those services are worth.

*Leroy M. Ogle,* for appellant and cross-appellees.

*George Steehschulte,* for appellees and cross-appellants.

Before: CYNAR, P.J., and N. J. KAUFMAN and P. R. MAHINSKE,* JJ.

PER CURIAM. Appellant, the personal representative of the estate of Anna C. Weaver, appeals from an order of the probate court awarding the attorney for the estate fees in the amount of $6,500. In the court below, and on appeal, appellant contends that an appropriate award would have been in the amount of $8,500. Appellees, six other estate beneficiaries having a collective interest in 85% of the estate residue, cross-appeal requesting a reduction in the fees awarded because of what they allege to be a vexatious appeal. GCR 1963, 816.5(1)(a).

Anna C. Weaver died testate on December 6, 1979. On January 15, 1980, the Wayne County Probate Court admitted her September 10, 1973, will into probate. The estate consisted of two pieces of realty, a car, and household personalty, and had a gross value of $66,955, although less than $30,000 worth of the property was available for distribution. The estate was billed $12,000 for fees, consisting of an $8,500 attorney fee (for approximately 100 hours work) and an amount of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

$3,500 for the personal representative. The will itself was not contested and no litigation was required to obtain or protect the estate assets. The estate attorney had previously served as attorney for Anna C. Weaver's guardian prior to the decedent's death, and in that capacity had assessed fees of $750 for 15 hours of work. Appellees, in opposing the requested attorney's fees, proposed that the attorney and personal representative share a combined fee of $8,500. Following a hearing and the taking of evidence, the probate court awarded counsel $6,500 in fees and the personal representative $3,500. The court's order stated in pertinent part:

"And the Court having been made aware in the premises and having taken full cognizance of the factors involved herein; and complexity of the matters handled by the estate and by counsel herein; the time involved, the difficulties or lack of them; the amount involved in the estate; the results obtained, and as well, the legal experience and training of counsel; and with a full understanding by way of the testimony of the witnesses in the matter; does hereby enter an order as follows:

"It is hereby ordered that the said combined first and final account be allowed, except for the attorney fees of Leroy Ogle which are hereby set at a totality of $6,500, * * *."

Appellant's subsequent motion for rehearing was denied.

MCL 700.543; MSA 27.5543, provides for the employment and compensation of an estate attorney:

"Without obtaining a court order, a fiduciary of an estate may employ counsel to perform necessary legal

services in behalf of the estate and the counsel shall receive reasonable compensation for the legal services."

In order to ascertain the reasonable value of legal services to an estate, the court should consider the time spent, the amount involved, the character of the services rendered, the skill and experience called for in the performance of the work, and the results obtained. *Becht v Miller,* 279 Mich 629, 640; 273 NW 294 (1937). The value of disputed attorney services is a matter vested in the probate court's discretion, and only when there is a manifest abuse of that discretion will such a decision be overruled on appeal. *In re Eddy Estate,* 354 Mich 334, 347-348; 92 NW2d 458 (1958).

We are not convinced that the probate court's decision to value counsel's services at $6,500 constituted a manifest abuse of discretion. It is apparent that the court reflected upon all of the factors pertinent to a proper valuation decision. After reviewing the evidence put forth at the evidentiary hearing, we do not believe that a greater value was warranted. While counsel was required to do a considerable amount of work for the estate, the effort expended is reflected in the approximately 100 hours billed to the estate. The probate court's award of $6,500 for that effort compares favorably with the rate counsel charged for his work for the decedent's guardian prior to the decedent's death. The fee, as awarded, was within the proper exercise of the probate court's discretion. We find without merit appellant's claim that the court's decision was an unfair compromise that resulted from a mere "splitting of the difference" between the values proposed by the parties. Essentially, appellant argues that the appellees failed to prove below that their proposed combined fee of $8,500 was appropriate. The flaw in appellant's

argument is that it misconceives the role of the probate court as one of choosing between the alternate fees suggested by the parties. Rather, the court is to evaluate the worth of the services rendered based upon the evidence presented. *Becht v Miller, supra.* It bears repeating that where the court is fully informed of the nature and extent of the services rendered, its exercise of discretion regarding the fees to be imposed will not be inhibited by counsel's own opinion as to what the services are worth. *In re Bender's Estate,* 246 Mich 405, 408; 224 NW 381 (1929).

While we affirm the order of the probate court we find no merit to appellees' contention that the instant appeal is vexatious so as to justify the imposition of punitive damages against appellant. *Cf. Kewin v Melvindale Northern Allen Park Bd of Ed,* 65 Mich App 472; 237 NW2d 514 (1975).

Affirmed. No costs, neither party having prevailed in full.