*In re* KIEBLER ESTATE

Docket No. 67451. Submitted June 14, 1983, at Grand Rapids.—Decided January 3, 1984. Leave to appeal applied for.

Chris Kiebler, Cash Kiebler and Chip Kiebler, beneficiaries of the estate of Richard J. Kiebler, deceased, appealed from the allowance of the first annual account of Louis A. Smith, personal representative of the estate, by the Clinton County Probate Court, Marvin E. Robertson, J. Appellants contest the amount of fiduciary fees and attorney fees allowed to Smith by the Court. *Held:*

1. The Revised Probate Code requires an attorney seeking compensation for services performed on behalf of an estate to provide the probate court with a written description of services performed, a summary of work done and other information that may be helpful to the court in determining reasonable compensation, unless all parties consent to the attorney fees.

2. The statement submitted by appellee Smith fails in several respects to justify the amount of fiduciary and attorney fees allowed herein. The statement fails to distinguish which services were performed in appellee's capacity as fiduciary and which as legal services, which services were rendered in relation to the operation of the business which comprises the principal asset of the estate rather than as fiduciary to the estate, fails to designate the amount of time spent in performing the claimed services, and fails to disclose whether the claimed fees represent compensation for all of the services rendered to the date of the first account.

3. No interest should be charged against the fees during the time the matter has been on appeal, nor should any fees be charged against the estate for the appeal, as such charges would not benefit the estate.

Reversed and remanded for further proceedings.

1. ATTORNEY AND CLIENT — ATTORNEY FEES — ESTATES — PROBATE COURT RULES.

An attorney seeking compensation for legal services rendered on

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur 2d, Executors and Administrators § 535.
[2] 31 Am Jur 2d, Executors and Administrators § 549.

behalf of an estate, unless his fees are consented to by all the parties, must provide the court with a written description of the services performed, a summary of the work done and other information that may be helpful to the court in determining the amount of reasonable compensation (PCR 908.3).

2. APPEAL — ATTORNEY FEES — ESTATES — BENEFIT TO ESTATE.

No attorney fees or fiduciary fees shall be charged against an estate for an appeal to the Court of Appeals from the allowance of an annual accounting, nor shall interest against such fees be charged during the appeal period, where the Court of Appeals finds that such interest, fiduciary fees or attorney fees for appeal do not benefit the estate.

*Steven J. Polich, P.C.* (by *Timothy D. Arner*), for appellants.

*Smith, Johnson & Demlow, Attorneys, P.C.* (by *Patrick E. Heintz*), for appellee.

Before: R. B. BURNS, P.J., and MACKENZIE and J. L. BANKS,* JJ.

PER CURIAM. Appellants, beneficiaries of three-fourths of the Estate of Richard J. Kiebler, appeal as of right from the probate court's allowance of the appellee's first annual account. Appellants contest the allowance of fiduciary fees and attorney fees totaling $90,000.[1]

The Revised Probate Code authorizes payment of reasonable compensation to a fiduciary and to attorneys who perform necessary legal services in behalf of the estate. MCL 700.541; MSA 27.5541 and MCL 700.543; MSA 27.5543. PCR 908.3 provides that, unless attorney fees are consented to by

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The court's order of February 17, 1982, approved payment of partial attorney fees in the amount of $40,000. The September 17, 1982, order allowing the first annual account approved fiduciary fees and attorney fees in the amount of $50,000, but stayed payment of $25,000 pending appeal.

all the parties, the attorney seeking compensation must provide the court with a written description of services performed, a summary of the work done and other information that may be helpful to the court in determining reasonable compensation.

In the present case, appellee appended to his first annual account a 52-page statement of services rendered in behalf of the estate by the law firm of Smith, Johnson & Demlow, Attorneys, P.C., and by appellee in his capacity as personal representative.[2] The statement contained itemized entries with brief descriptions of work performed on a total of 238 dates during the 13-month period beginning May 30, 1981, and ending June 30, 1982. The information supplied to the probate court did not, however, justify the allowance of $90,000 as reasonable fiduciary fees and attorney fees for the following reasons. See *In re Estate of Weaver,* 119 Mich App 796; 327 NW2d 366 (1982).

First, the statement fails to indicate whether the services were performed by appellee in his capacity as fiduciary or whether the work represented necessary legal services performed by the law firm. The distinction is important since MCL 700.543; MSA 27.5543 only allows compensation for necessary legal services. Appellee must identify which entries are claimed as legal services and what proportion of the total claimed fee represents compensation for legal services.

Second, certain entries relate to services rendered in connection with the operation of Kiebco Foods, Inc., the principal asset of the estate. To the extent appellee operated the company in his capacity as fiduciary of the estate, he is certainly entitled to reasonable compensation. However, it appears that appellee also performed services for

---

[2] Appellee is a shareholder in the law firm.

Kiebco in his capacity as corporate counsel and was separately compensated for those services. We believe appellants are entitled to a determination regarding any services for which appellee has already been compensated in his capacity as corporate counsel for Kiebco.

Third, the statement contains no designation of the time spent in performing the claimed services. Several of the entries are identified only as conferences or telephone calls, without any description of the subject matter. Several other entries involved administrative duties such as writing checks and depositing receipts. We recognize that appellee and his law firm rendered many valuable and complex administrative and legal services during this period. However, the statement submitted by appellee leaves the probate court and this Court without any means of determining the reasonableness of time spent in performing the various legal services to the estate. Appellee has not shown how he arrived at the $90,000 figure.

Finally, we agree that appellants are entitled to a statement of whether the claimed fiduciary fees and attorney fees represent compensation for all of the services rendered to the date of the first annual account.

We therefore reverse the allowance of fiduciary fees and attorney fees and remand the case to the probate court for an evidentiary hearing and determination of reasonable fiduciary fees and attorney fees to which appellee may be entitled. Since Judge Robertson disqualified himself subsequent to his allowance of the first annual account, the determination must necessarily be made by a different probate judge. Our holding makes it unnecessary to rule on the remaining issue raised by appellants.

No interest shall be chargeable against attorney fees or fiduciary fees during the appeal period, nor shall attorney fees or fiduciary fees be charged against the estate for this appeal, this Court finding that such interest, fiduciary fees or attorney fees for appeal do not benefit the estate. *In re Baldwin's Estate,* 311 Mich 288; 18 NW2d 827 (1945); *In re Brack Estate,* 121 Mich App 585; 329 NW2d 432 (1982).

Reversed and remanded. We do not retain jurisdiction.