*In re* O'NEILL ESTATE

Docket No. 90082. Submitted April 9, 1987, at Lansing. Decided
February 24, 1988. Leave to appeal denied, 431 Mich —.

William Schafer was appointed personal representative of the
estate of Walter H. O'Neill, deceased, in the Probate Court for
the County of Ionia. Schafer retained attorney C. Ronald Van
Buren to assist in the estate's legal matters. Van Buren subse-
quently sought an order for the payment of his attorney fee
and expenses totaling $40,058. The residual beneficiaries of the
estate, Sisters of the Poor, Little Sisters of the Poor, Dominican
Sisters of Racine, Wisconsin, and Our Lady of the Oaks Con-
vent, Pewaukee, Wisconsin, filed an objection to Van Buren's
request for fees and expenses. The attorney general appeared
for the state as a necessary party in interest by virtue of § 4(c)
of the Supervision of Trustees for Charitable Purposes Act,
MCL 14.254(c); MSA 26.1200(4)(c). The probate court, Marvin E.
Robertson, J., approved fees and expenses totaling $23,300. Van
Buren filed a motion for rehearing, which the probate court
denied. Van Buren appealed from those orders.

The Court of Appeals *held:*

Van Buren is not entitled to his requested fees as he was
unable to support his claim regarding the number of hours
spent on estate matters. The probate judge did not abuse his
discretion in approving payment for only 300 of the 513 hours
claimed by Van Buren. The denial of the motion for rehearing
was not error.

Affirmed.

1. ATTORNEY AND CLIENT — ATTORNEY FEES — DECEDENTS' ESTATES —
   PROBATE COURTS — BURDEN OF PROOF.

   A fiduciary of an estate may employ counsel to perform necessary
   legal services in behalf of the estate and the counsel shall
   receive reasonable compensation for the legal services; the
   probate judge, to ascertain the reasonable value of legal ser-
   vices to an estate, should consider the amount of time spent,

REFERENCES

Am Jur 2d, Attorneys at Law §§ 237 *et seq.* See the Index *to*
Annotations under Attorneys' Fees.

the character of the services rendered, the skill and experience called for, and the results obtained; the burden of proof rests on the person claiming compensation (MCL 700.543; MSA 27.5543).

2. ATTORNEY AND CLIENT — ATTORNEY FEES — DECEDENTS' ESTATES — PROBATE COURTS — APPEAL.

The value of disputed attorney fees for legal services in behalf of a decedent's estate is a matter vested in the discretion of the probate judge and his decision will not be overturned unless there is a manifest abuse of that discretion.

*C. Ronald Van Buren,* in propria persona, and *E. R. Whinham,* of Counsel.

*O'Connor, McNamara & O'Keeffe* (by *Rex P. O'Connor*), for Little Sisters of the Poor, Dominican Sisters of Racine, Wisconsin, and Our Lady of the Oaks Convent, Pewaukee, Wisconsin.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Luis F. Fernandez* and *Frederick H. Hoffecker,* Assistant Attorneys General, for the State of Michigan.

Before: M. J. KELLY, P.J., and H. HOOD and E. F. OPPLIGER,* JJ.

PER CURIAM. Petitioner, the attorney for the personal representative of the estate of Walter H. O'Neill, deceased, appeals as of right from an order of the probate judge granting petitioner attorney fees and expenses for services rendered on behalf of the personal representative in an amount less than requested. He also appeals from an order of the probate judge denying his request for a rehearing. We affirm.

In January, 1980, Walter H. O'Neill died leaving an estate valued in excess of $600,000. William

* Circuit judge, sitting on the Court of Appeals by assignment.

Schafer, who had been the conservator of Mr. O'Neill's estate, was appointed personal representative. He, in turn, retained petitioner to assist in the estate's legal matters. In December, 1983, petitioner filed the final accounting for the estate. The accounting included a request for attorney fees of $38,725 and expenses of $1,333, for a total of $40,058. Respondent charities, residual beneficiaries of decedent's estate, filed an objection to the petitioner's fees and expenses. After a protracted hearing, the probate judge approved petitioner's hourly rate of $75, but approved fees for only 300 hours, for a total of $22,500 in attorney fees. Petitioner had requested compensation for 513 hours. The probate judge also approved expenses of $800, rather than the $1,333 requested by petitioner. In total, the probate judge approved fees and expenses of $23,300. As the personal representative, without court approval, had advanced petitioner $38,391.50, the personal representative was ordered to reimburse the estate in the amount of $15,091.50. While the personal representative did not challenge the probate judge's order, petitioner did, filing a motion for rehearing which the probate judge denied. In denying petitioner's motion, the probate judge first concluded that petitioner did not have standing in his own right to request a rehearing. He also reached the merits of petitioner's motion and concluded that, even assuming standing existed, the petitioner had not established that the probate judge's ruling constituted an abuse of discretion. This appeal followed.

On appeal, petitioner raises two issues. First, he argues that the probate judge erred in ruling that petitioner did not have standing in his own right. Second, he argues that the probate judge's order granting petitioner fees and expenses in an

amount less than requested constituted an abuse of discretion. Because we resolve the substantive issue against petitioner, we find it unnecessary to address the standing issue.

MCL 700.543; MSA 27.5543 provides for the employment and compensation of an estate's attorney:

> Without obtaining a court order, a fiduciary of an estate may employ counsel to perform necessary legal services in behalf of the estate and the counsel shall receive reasonable compensation for the legal services.

To ascertain the reasonable value of legal services to an estate, the probate judge should consider the amount of time spent, the character of the services rendered, the skill and experience called for, and the results obtained. *In re Weaver Estate,* 119 Mich App 796; 327 NW2d 366 (1982). The burden of proof rests on the person claiming compensation. *In re Irwin Estate,* 162 Mich App 522; 413 NW2d 37 (1987); *In re Kiebler Estate,* 131 Mich App 441; 345 NW2d 713 (1984). The value of disputed attorney fees is a matter vested in the discretion of the probate judge and his decision will not be overturned unless there is a manifest abuse of that discretion. *In re Weaver Estate, supra; In re Wright Estate,* 156 Mich App 1; 401 NW2d 288 (1986).

From our review of the record, we conclude that petitioner is not entitled to his requested fees as he was unable to support his claim regarding the number of hours spent on estate matters. We share the probate judge's concern over the petitioner's method of computing his time. Petitioner admitted that he did not keep ledger sheets of any type. Instead, his billing was prepared by having

his "girls go through the file" and by his "cursory glance" through his daily calendars. It also appears that, in computing his billing, petitioner relied at least in part upon records maintained by his client. Apparently, the personal representative maintained a log book which contained forty pages of entries showing the date, time and nature of services rendered by the personal representative. Indicative of the unreliability of the log book is the fact that in forty-three entries the original time noted had been written over with a higher number. The unreliability of petitioner's method of billing is further evidenced by the fact that during trial he filed a supplemental billing claiming an additional 150 hours of time that he had not previously noted.

On this evidence, we conclude that the probate judge did not abuse his discretion in approving payment for only 300 of the 513 hours claimed by the petitioner. Accordingly, we find no error in the probate judge's denial of petitioner's motion for a rehearing.

Affirmed.