*In re* KRUEGER ESTATE

Docket No. 101748. Submitted November 8, 1988, at Detroit. Decided April 3, 1989.

Anthony Gerhardt, a devisee under the will of William T. Krueger, deceased, objected in the Wayne County Probate Court to the personal representative and attorney fees charged to the Krueger estate. The probate court, Martin T. Maher, J., increased the attorney fees to $50,000 from the requested $29,538.50 and increased the personal representative fees to $30,000 from the requested $20,000 and approved the fees. The probate court also assessed Gerhardt's share of the estate an additional $4,500 to be split by the attorney and personal representative for handling Gerhardt's objections and also assessed Gerhardt a $400 expert witness fee. Gerhardt appealed. During the pendency of the appeal, Gerhardt died and Gary Binder, the personal representative of the estate of Anthony Gerhardt, deceased, was substituted as the party of interest.

The Court of Appeals *held:*

1. The probate court did not abuse its discretion in denying appellant's request for an adjournment.

2. The probate court abused its discretion in increasing the attorney fees. The court went outside the record in making its determination regarding the reasonableness of the fees. The record supports an award of $29,538.50 as reasonable attorney fees. As modified, that part of the order is affirmed.

3. The probate court abused its discretion in increasing the personal representative fee. The court went outside the record in making its determination regarding the reasonableness of the fee. The record supports an award of $20,000 as a reasonable personal representative fee. As modified, that part of the order is affirmed.

4. Gerhardt's objections to the fees charged to the estate were

REFERENCES

Am Jur 2d, Appeal and Error § 84; Continuance §§ 7-10; Executors and Administrators §§ 486-505, 534-544.

Authority of probate court to depart from statutory schedule fixing amount of executor's commissions and attorneys' fees. 40 ALR4th 1189.

reasonable. The probate court abused its discretion in assessing the additional $4,500 in attorney fees and $400 in expert witness fees against Gerhardt's portion of the estate. Those charges are vacated.

Reversed in part and affirmed in part as modified.

1. Motions and Orders — Appeal — Adjournment.

A lower court's denial of a motion to adjourn will not be reversed on appeal absent proof of an abuse of discretion (MCR 2.503[D][1]).

2. Motions and Orders — Adjournment.

An adjournment may be granted on the ground of unavailability of a witness or evidence only if the court finds that the evidence is material and that diligent efforts have been made to produce the witness or evidence (MCR 2.503[C][2]).

3. Attorney and Client — Attorney Fees — Decedent's Estate.

An attorney is entitled to receive reasonable compensation for necessary legal services performed on behalf of an estate, in an amount approved by the court; the trial court has broad discretion in determining what amount constitutes reasonable compensation, however, the court should consider the amount of time spent, the amount of money involved, the character of the services rendered, the skill and experience necessary, and the results obtained; the burden of proof on these considerations rests on the attorney seeking compensation (MCL 700.541; MSA 27.5541; MCR 8.303).

4. Attorney and Client — Attorney Fees — Decedent's Estate.

When the amount of compensation requested by an estate's attorney is objected to by an affected party, the attorney must append to an accounting, petition, or motion in which compensation is claimed a written description of services performed, a summary of the work done by the attorney, and any other information that may be helpful to the court in determining reasonable compensation; the attorney should provide a statement of the amount of time spent performing the services described and some evidence in support thereof (MCR 8.303).

5. Executors and Administrators — Personal Representative's Compensation — Burden of Proof.

A personal representative has the burden of proof where he seeks compensation for services performed on behalf of an estate and his failure to present records concerning his services is usually weighed against him; the amount of time actually spent on estate administration is a factor in determining reasonable

compensation; the trial court's determination regarding reasonable compensation will be reversed only for an abuse of discretion.

6. EXECUTORS AND ADMINISTRATORS — ATTORNEY AND CLIENT — COMPENSATION.

An interested party has a right to question the amount of expenses and fees, both administrative and legal, being sought from an estate; when such a question arises, it is not unreasonable to require the provider of the services to set forth the basis on which the fee was charged.

*R. J. Jenkins,* for Gary Binder, personal representative of the estate of Anthony Gerhardt, deceased.

*Sempliner, Thomas, Boak & Smith* (by *J. Michael Smith*), for the estate of William T. Krueger, deceased.

Before: CYNAR, P.J., and HOOD and MURPHY, JJ.

MURPHY, J. Appellant, Gary Binder, personal representative of the estate of Anthony Gerhardt, deceased, who was the former appellant, appeals as of right from an order of the probate court granting personal representative and attorney fees in regard to the estate of William T. Krueger, deceased, of approximately $85,000.[1]

William T. Krueger died on October 5, 1982, leaving an estate valued at approximately $500,000 after payment of taxes and debts. A copy of Krueger's will, the original of which had been lost, was admitted to probate on December 6, 1982. Herbert Ramage was named the executor and also acted as the personal representative.

---

[1] The party who originally objected to the attorney and personal representative fees charged to the Krueger estate was Anthony Gerhardt. Gerhardt was a devisee under the will of William T. Krueger. During the pendency of this appeal Anthony Gerhardt died and Gary Binder, his estate's personal representative, has been substituted as the party of interest.

Ramage hired the firm of Sempliner, Thomas, Tiplady and Boak of Plymouth, Michigan, on or about October 5, 1982, to assist him in the administration of the estate. Ramage submitted his first account in March, 1984, with the assistance of William Sempliner, who was the attorney for the estate at the time. Sempliner continued to act as attorney for the estate until his death in April, 1985, just before the second accounting of the estate. J. Michael Smith, an attorney with the same firm, took over for Sempliner as attorney for the estate. Smith assisted Ramage with the second accounting which was submitted in August, 1985. Ramage submitted a third and final accounting in March, 1987.

Appellant did not object to the first two accountings and they were approved. However, appellant objected to the third accounting because he felt that the attorney fees and personal representative fees were excessive. A total of $14,000 for attorney fees and $8,000 for personal representative fees was paid over the first two accounting periods. The third accounting requested an additional $15,938 for attorney fees and $12,000 for personal representative fees.

On April 13, 1987, a hearing was held to resolve appellant's objections. Appellant alleged that the bulk of the work was performed during the first two accounting periods, while the bulk of the attorney and personal representative fees were charged in the third accounting period. Appellant also noted that the first two accounts specified the total time that was spent on the matter while the third account did not. Appellee, the estate, by its personal representative and attorney, argued that the first two accountings were not intended to be a total billing but only a payment on account and that the estate was extremely complex. The court

asked the personal representative and the attorney to try to compile an itemized statement as best they could. That statement was to be submitted to appellant's counsel for review. Ramage and Smith complained that such a statement would be difficult and time-consuming to compile, and that appellant was the type of person who would never be satisfied. The court responded:

> Well, I think that he has the right to object and he has a right to ask that you show what the attorney's fees are for.

The court then stated:

> I think that they should have a better breakdown as to what work was done and the amount of time that was spent.

The hearing was then adjourned until May 11, 1987.

Three days before the second hearing, Smith sent correspondence to the court and to appellant indicating that he estimated that his firm had spent over two hundred hours working for the estate. In addition, Smith noted that he hired an expert to review the third and final accounting and it was the expert's opinion that the fees requested by the attorneys and personal representative were reasonable and that the expert would testify to that effect if called to do so.

At the ensuing hearing, the parties attempted to resolve appellant's objections. Appellant stated that he had seen Smith's letter but was still requesting an itemized billing as the court had previously ordered. The court adjourned until June 12, 1987, for an evidentiary hearing.

At the following hearing, appellant was provided

approximately ten to fifteen minutes before the hearing with an estimated itemized statement of the hours spent on the estate. Appellant's counsel requested an adjournment to review the itemized statement with appellant who was unable to attend the hearing due to his poor health and car problems. The court denied appellant's counsel's request and proceeded with the evidentiary hearing.

Smith's expert witness testified that, given the amount of time required, the complexity of some of the problems with the estate and the results obtained, an attorney fee of $30,000 and a personal representative fee of $20,000 was reasonable. However, the expert admitted that he could not tell by reading the third accounting what work the personal representative performed. He arrived at a personal representative fee by evaluating the nature of the estate and taking two-thirds of the attorney fee. The expert then testified that the usual practice in these cases is to submit partial billings and then review all of the work done in settling the estate at the final accounting to determine the total fee. The personal representative, Herbert Ramage, then testified to the work he performed for the estate.

In its findings the court noted that it had indicated to appellee that an itemized statement would be helpful. However, it felt that appellant had sufficient opportunity to go over the file with his attorney and an expert if he wanted. The court stated that appellant failed to support his objections with any evidence. The court felt that the evidence showed that appellant "was probably more than well aware of the work that went into the estate and that the objections were merely for the purpose of pressuring appellee to reduce their fees."

The court then explained that it was bothered with ruling on the requested fees, not because it found them unreasonably high but, rather, because it found them unreasonably low. The court stated that attorneys usually underbill and work numerous hours for which they never are paid. The court assumed that the attorneys had saved the estate in excess of $200,000 and further noted that if this were a personal injury case the attorney fees would be over $60,000, and if this were a contract case of equal complexity the attorney fees would easily be $100,000. The court then noted Smith's itemized billing claiming two hundred hours work on the estate. The court assumed that Smith was charging $150 per hour.

The court rejected appellee's requested fees because it felt they were too low and stated that its power to declare the fees too low followed from its power to declare them too high. The court then increased the attorney fees to $50,000 from the requested $29,938.50 and increased the personal representative fee to $30,000 from the requested $20,000. The court next assessed appellant's share of the estate an additional $4,500 to be split by the attorney and personal representative for handling appellant's objections and also assessed a $400 expert witness fee. Appellant now appeals as of right from the probate court's order.

Appellant first contends that the probate court abused its discretion when it denied counsel's request to adjourn the hearing so he could review the itemized statement with appellant. We disagree. MCR 2.503(D)(1) in pertinent part provides:

> In its discretion the court may grant an adjournment to promote the cause of justice.

The lower court's denial of a motion to adjourn

should not be reversed absent proof of an abuse of discretion. *Cummings v Detroit,* 151 Mich App 347, 351; 390 NW2d 666 (1986), lv den 426 Mich 851 (1986). In addition, MCR 2.503(C)(2) provides:

> An adjournment may be granted on the ground of unavailability of a witness or evidence only if the court finds that the evidence is material and that diligent efforts have been made to produce the witness or evidence.

The probate court noted that it had already directed both attorneys to go over the fees and appellant had been granted two adjournments before this latest request. We conclude that the probate court did not abuse its discretion in denying the motion for adjournment.

Appellant next contends that the court abused its discretion in increasing the attorney fees from approximately $30,000 to $50,000. We agree.

An attorney is entitled to receive reasonable compensation for necessary legal services he performs on behalf of the estate, in an amount approved by the court. MCL 700.541; MSA 27.5541; MCR 8.303. In general, the court has broad discretion in determining what amount constitutes reasonable compensation. *In re Thacker Estate,* 137 Mich App 253, 258; 358 NW2d 342 (1984); *In re Wright Estate,* 156 Mich App 1, 10; 401 NW2d 288 (1986), rev'd on other grounds 430 Mich 463; 424 NW2d 268 (1988). However, the court's discretion is limited in certain respects. In making its determination, the court should consider, among other factors, the amount of time spent, the amount of money involved, the character of the services rendered, the skill and experience necessary, and the results obtained. *In re Weaver Estate,* 119 Mich App 796, 799; 327 NW2d 366 (1982); *In re O'Neill*

*Estate,* 168 Mich App 540, 543; 425 NW2d 133 (1988). The burden of proof on these considerations rests on the party claiming a right to that compensation. *Id.*

When the requested compensation is objected to by an affected party,

> the attorney must append to an accounting, petition, or motion in which compensation is claimed a written description of services performed, a summary of the work done by the attorney, and any other information that may be helpful to the court in determining compensation. [MCR 8.303.]

Recent decisions of this Court have indicated that the attorney's burden of proving reasonable compensation under this rule includes providing a statement of the amount of time spent by the attorney in performing the services described and the presentation of some evidence in support thereof. See, e.g., *Thacker Estate, supra,* pp 260-261; *In re Kiebler Estate,* 131 Mich App 441, 444; 345 NW2d 713 (1984), lv den 419 Mich 935 (1984); *In re Irwin Estate,* 162 Mich App 522, 530; 413 NW2d 37 (1987), lv den 429 Mich 903 (1988). Without such a statement, the probate court and this Court are without any means of determining the reasonableness of the requested compensation. *Kiebler Estate, supra,* p 444.

The evidence the estate's attorneys presented in support of the requested compensation consisted of the following: (1) the third and final accounting, (2) an estimated itemized statement reflecting approximately two hundred billable hours, and (3) expert testimony that some of the legal services performed were extraordinary, that they were handled competently, and that the $29,538.50 fee requested was reasonable compensation for the legal

services rendered. It was on the probate court's own motion that it increased the attorney fee to $50,000. It did so, according to the court, because: (1) appellant only objected to the fees as being too high without justifying those allegations, (2) there were complex matters handled by the estate, (3) the court believed that most lawyers underbill in handling estate matters, (4) had this been a contingency fee or complex contract case the attorneys might have been paid $60,000 to $100,000, (5) the attorneys allegedly saved the estate $200,000 in unlawful claims, and (6) the court was not limited by the attorneys' claim that they worked approximately two hundred hours or the expert's opinion that almost $30,000 was a reasonable fee.

An interested party has a right to question the amount of expenses and fees, both administrative and legal. When a question regarding fees is raised it is not unreasonable to require the provider of the services to set forth the basis on which the fee was charged. Although no one factor alone is dispositive, the factors set forth in *Weaver Estate, supra,* and *O'Neill Estate, supra,* are among the appropriate considerations in determining the reasonableness of the fees. Other factors particularly applicable to attorney fees, many of which would also apply to probate proceedings, are set forth in MRPC 1.5(a) and SJI2d 180.03.

In applying the applicable law to the facts of this case we believe that the court abused its discretion when it increased the attorney fees by sixty-six percent from what was requested and established by the record. First, there was no support in this record that the attorneys underbilled for the services provided. Second, this was not a contingency fee case. Third, there was no evidence submitted to the probate court justifying an increase in the attorney fees from $30,000 to

$50,000. The probate judge in this case apparently went outside the record in making his determination regarding the reasonableness of the fees. By so doing, he abused his discretion. Therefore, we reverse the probate court's award of $50,000 in attorney fees. However, pursuant to MCR 7.216(A)(7), we order that attorney fees of $29,538.50 are reasonable and supported by the record. That record includes both expert testimony and an itemized billing statement detailing the nature of the work performed by the attorneys for the estate.

We caution, however, that this opinion should not be construed as requiring that a detailed billing statement must be submitted in order to establish the reasonableness of the fee charged. Rather, a written textual description will suffice in most situations under MCR 8.303. Moreover, this opinion should not be construed as holding that the time spent on the estate is the sole determining factor in determining the reasonableness of the fee charged. Rather, when the fees are challenged, the time spent is one factor to be considered by the court. We also note that when the attorney fees are challenged there is nothing unreasonable in a court's request that the attorney submit some form of additional support beyond a textual statement of the services performed as evidence that the fees are reasonable.

Appellant next contends that the probate court abused its discretion in awarding the personal representative a $30,000 fee. We agree.

The determination of reasonable compensation to the personal representative is, in general, the same as for the attorney. The burden of proof is on the personal representative. *Wright Estate, supra,* p 10. The amount of time actually spent on estate administration is a factor in determining reason-

able compensation. *Thacker Estate, supra,* p 260. The personal representative's failure to present records concerning his services is usually weighed against him. *Wright Estate, supra,* p 10. The court's determination will be reversed only for an abuse of discretion. *Wright Estate, supra,* p 10. See also *In re Baird Estate,* 137 Mich App 634, 636-638; 357 NW2d 912 (1984).

The personal representative in this case requested a total of $20,000 as a reasonable fee. Herbert Ramage, the personal representative, testified in some detail at the evidentiary hearing as to the time he spent and the duties he performed on behalf of the estate. He estimated he spent almost four hundred hours working on the estate. In addition, Smith's expert testified that the personal representative would have spent quite a bit of time working on this estate because of the unusual circumstances which needed attention. In addition, the expert arrived at his estimate of a reasonable fee for the personal representative by multiplying the attorney fee by two-thirds.

We believe that the court abused its discretion in this case when it increased the personal representative fee by fifty percent from what was requested and established by the record. As was the case with the attorney fees, there was no evidence submitted to the probate court justifying an increase in the personal representative fees from $20,000 to $30,000. The probate court apparently went outside the record in making its determination regarding the reasonableness of the personal representative fees. By so doing, the court abused its discretion. Nonetheless, our review of the record leads us to conclude that the requested fee of $20,000 was supported by the record and constituted a reasonable fee. Therefore, pursuant to

MCR 7.216(A)(7), we order that the personal representative fee in this matter shall be $20,000.

Finally, appellant contends that he was justified in objecting to the attorney and personal representative fees. Therefore, the court's assessment of $4,500 against appellant's portion of the estate for handling his objections and the assessment of $400 in expert witness fees was an abuse of discretion. We agree.

Appellant's objections, in our view, if nothing else, prompted the court to agree that the estate's attorney and personal representative "try to get an itemized statement" and that appellant "should have a better breakdown as to what work was done and the amount of time that was spent." Since the description of the services originally submitted in the third accounting was insufficient, appellant's request was reasonable and he should not be penalized for objecting. Therefore, we conclude that there was no basis for the probate court to charge appellant's share of the estate $4,500 in attorney fees and a $400 witness fee. These charges are vacated.

Reversed in part and affirmed in part as modified.