# STATE OF MICHIGAN

# COURT OF APPEALS

In re POLING Estate.

KEVIN ELLIOTT, Personal Representative for the
Estate of PAUL A. POLING,

Appellant,

UNPUBLISHED
December 16, 2014

v

TOLFREE FOUNDATION,

Appellee.

No. 317763
Ogemaw Probate Court
LC No. 11-014636-DE

Before: M. J. KELLY, P.J., and CAVANAGH and METER, JJ.

PER CURIAM.

In this fee dispute, Kevin Elliott appeals by right the trial court's order approving a substantially smaller fee than requested for his services as the personal representative for the Estate of Paul A. Poling. Because we conclude the trial court's decision to order compensation at the lower rate was reasonable under the totality of the circumstances, we affirm.

Poling died in 2012. After Poling died, Elliott administered his estate, as provided in Poling's will. Poling was survived by one daughter, Janis Fontenot, and two siblings, Ben Poling and Mary Jackson. Poling's estate was worth approximately $764,000; it included two residences,[1] bank accounts, an annuity, and vendor interests in several land contracts.

After Elliott filed a final accounting for the estate, he requested compensation for 91 hours of work at $200 per hour. He testified that his hourly rate represented a 20 percent reduction from the rate he usually billed his clients in his insurance agency and was premised on his 35 years of experience in the insurance business. The probate court, however, concluded that Elliott was not entitled to an hourly rate of $200. It determined that Elliott's experience and the nature of the work performed was commensurate with that of a fiduciary that would normally

---

[1] Poling left one residence to the Tolfree Foundation to fund a scholarship program.

-1-

charge $90 per hour. Accordingly, it approved a total fee of $8,190, which amounted to 91 hours at $90 per hour.

On appeal, Elliott argues the probate court abused its discretion when it approved a fee that was more than 50% lower than he requested. This Court reviews the factual findings underlying a probate court's decision for clear error, but reviews the court's dispositional ruling for an abuse of discretion. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). A finding is clearly erroneous when this Court is left with a definite and firm conviction that a mistake has been made. *Parks v Parks*, 304 Mich App 232, 237; 850 NW2d 595 (2014). A trial court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes. *In re Temple Marital Trust*, 278 Mich App at 128.

"A personal representative is entitled to reasonable compensation for services performed." MCL 700.3719(1). The probate court may review the reasonableness of the personal representative's compensation and order a refund if the court determines that the fee is excessive. MCL 700.3721. "The determination of reasonable compensation to the personal representative is, in general, the same as for the attorney." *In re Krueger Estate*, 176 Mich App 241, 251, 438 NW2d 898 (1989). And, as is the case with attorney fees, there is no precise fee schedule or formula for computing the amount of compensation to be paid a personal representative. See *In re Temple Marital Trust*, 278 Mich App at 138. The probate court has the "broadest discretion to evaluate the worth of the services rendered in light of its experience and knowledge of such matters." *In re Thacker Estate*, 137 Mich App 253, 258; 358 NW2d 342 (1984). The burden of proof is on the claimant to satisfy the court that services rendered were necessary and that charges were reasonable. *Comerica Bank v City of Adrian*, 179 Mich App 712, 724; 446 NW2d 553 (1989).

The court thought Elliott's proposed hourly rate was excessive and lowered it to $90 per hour on the basis of evidence that this was the fiduciary rate charged by attorneys and corporate fiduciaries in Wayne County. It also considered Elliott's income level, the services rendered, the time spent on estate administration, the nature and complexity of administration, the existence of any animosity between the persons involved, and his skills.[2] The administration of this estate was straightforward. It did not involve a great number of creditors or beneficiaries, and it did not require a high level of expertise or skill to finalize the estate. Nor did Elliott have unusual professional expertise that would entitle him to a premium rate.

Elliott submitted the fee schedules of Citizens State Bank and Chemical Bank to the probate court. Relying on these schedules, he maintains that Citizens State Bank would have cost the estate over $22,000 and Chemical Bank would have charged a base fee of $3,000 plus an hourly rate of $150 per hour for its trust officer's time. Both comparisons are inapposite. The fee that Citizens State Bank would purportedly have charged is based on a percentage fee

---

[2] We note that Elliott relies on the factors enumerated in *Comerica Bank* and the probate court utilized the factors listed in *In re Krueger*. However, the factors listed in *In re Kruger* substantially mirror those listed in *Comerica Bank*. Moreover, both lists are not exhaustive. See *Comerica Bank*, 179 Mich App at 724; *In re Kruger*, 176 Mich App at 248.

arrangement, not on an hourly rate. In addition, under Chemical Bank's fee schedule, considering that Elliott is not a fiduciary skilled in estate administration, he would be equivalent to a non-trust officer with an hourly rate of $80. Thus, Chemical Bank's schedule actually supports the probate court's determination.

Examining the totality of the circumstances surrounding Elliott's administration of the estate, we cannot conclude that the trial court's decision to order compensation at $90 per hour for the requested number of hours fell outside the range of reasonable and principled outcomes. *In re Temple Marital Trust*, 278 Mich App at 128.

Affirmed.

/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter