*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Conservatorship of MARILYN BURHOP.

ROBERT SIRCHIA and ANNE SIRCHIA,

Petitioners,

and

CONSTANCE L. JONES, Conservator of
MARILYN BURHOP, a legally protected person,

Appellee,

v

ROBERT SIRCHIA, Trustee of the MARILYN
BURHOP REVOCABLE TRUST,

Appellant.

UNPUBLISHED
February 28, 2019

No. 340771
Washtenaw Probate Court
LC No. 14-000326-CA

Before: SWARTZLE, P.J., and MARKEY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Robert Sirchia, as trustee of the Marilyn Burhop Revocable Trust, appeals by right the probate court's order approving accounts and fiduciary and legal fees incurred and paid by Constance Jones, acting as the conservator of Marilyn Burhop, a legally incapacitated person, following the settlement of disputes between conservator Jones and Robert and Anne Sirchia. We affirm.

During 2014, the probate court appointed the Sirchias, Burhop's former neighbors, as her co-guardians and appointed Jones the conservator of her estate because Burhop suffered from diminished mental capacity in the form of dementia. Shortly thereafter, the Sirchias placed Burhop in a residential facility. During 2015, the Sirchias moved Burhop to a different facility in another county without Jones's knowledge. Jones later learned that during 2013, among other acts, Burhop made multiple cash gifts totaling $467,491 to the Sirchias, deeded Anne Sirchia a joint interest in Burhop's home, and changed her estate planning documents to make the Sirchias

the beneficiaries of her estate. Jones investigated the asset transfers and questioned the Sirchias and Burhop's former and current estate planning attorneys regarding the transfers. Jones concluded that the Sirchias' responses to her inquiries raised serious concerns about their previous conduct and their ability to serve as fiduciaries for Burhop, the protected ward. Jones feared the Sirchias might cause further diminishment of Burhop's assets. Consequently, Jones petitioned the probate court to remove the Sirchias as guardians and to appoint a temporary guardian. Jones also petitioned the probate court for the return of estate property and to void Burhop's estate planning documents.

The probate court removed the Sirchias as Burhop's guardians and appointed a temporary guardian. In June 2016, Jones, as conservator of Burhop's conservatorship estate, sued the Sirchias in their individual capacities for recovery of estate property received by the Sirchias from Burhop through alleged undue influence, fraud, and conversion. The parties engaged in intense litigation, with the Sirchias serving voluminous discovery requests on Jones and filing 16 unsuccessful motions for summary disposition. As the case moved closer to trial, the parties participated in mediation and settled all disputes between them. Under the terms of their settlement agreement, Jones was required to seek the probate court's approval of her first, second, and final accounts related to the conservatorship, and the Sirchias retained the right to object to the fiduciary and attorney fees reported in the accounts. Subsequently, Jones submitted accounts to the probate court for approval. The Sirchias objected to the fiduciary and attorney fees reported in the accounts and to the payments of those fees the Jones made from the conservatorship estate. The probate court held an evidentiary hearing and later entered an opinion and order approving the accounts and requested fees. This appeal followed.

As a preliminary matter, Jones argues that this Court lacks jurisdiction over the appeal because Robert Sirchia, as trustee of Burhop's trust, is not an "aggrieved party" under MCR 7.203(A). Jones raised this identical issue in a motion to dismiss filed with this Court, and which the motion panel denied. *In re Conservatorship of Marilyn Burhop*, unpublished order of the Court of Appeals, entered July 10, 2018 (Docket No. 340771). The order denying the motion to dismiss did not indicate that the denial was without prejudice to Jones's raising the issue again in her appellate brief, but the order also did not indicate that the denial was with prejudice. *Id.* While we question the need to address Jones's jurisdictional argument for a second time under these circumstances, consistent with the order and for the reasons expressed below, we conclude that we do have jurisdiction over this appeal.

Jones contends that Robert Sirchia, as trustee of the trust, is not an aggrieved party entitled to file a claim of appeal from the probate court's order. Jones argues that the underlying settlement agreement allowed Robert and Anne Sirchia *in their individual capacities only* to litigate the fees. Jones bases this argument on language from the settlement agreement, which provided that "the Sirchias retain all of their rights to object to . . . fees" and "[t]he parties agree that the Sirchias do not waive any of their rights to object or pursue any action related to such fees." Notably, the quoted language does not specifically refer to the Sirchias in their *individual capacities*. Jones attempts to bolster her argument by indicating that the probate court's order addressed the Sirchias "only in their individual capacities." Again, nothing in the language of the order confirms that the trial court was considering the Sirchias only in their individual capacities. Jones concludes that because the claim of appeal was filed by Robert Sirchia as

trustee of the trust and not as an individual, this Court does not have jurisdiction. We hold that dismissal of the appeal is not warranted based on Jones's argument.

An aggrieved party is one who is not only merely disappointed over a certain result, but also is one who suffered a concrete and particularized injury, as would a party plaintiff initially invoking a court's power. *Manuel v Gill,* 481 Mich 637, 643-644; 753 NW2d 48 (2008). A litigant on appeal must demonstrate an injury arising from the actions of the trial court rather than an injury arising from the underlying facts of the case. *Id.* at 644. Here, Jones does not argue that the trust was not aggrieved by the order on appeal, i.e., that the trust did not suffer an injury from the approval of all of the fees paid by Jones. And, in fact, pursuant to the probate court's order, nearly $173,000 was not returned to the estate's assets. As such, the trust, which is part of the estate plan, can be viewed as an aggrieved party. Jones also does not argue that Robert Sirchia, as trustee of the trust, is not a proper party to represent the trust on appeal. Rather, Jones maintains that the settlement agreement only allowed the Sirchias as individuals to litigate the fee issue; consequently, the Sirchias, as individuals, are the only parties that may pursue this appeal. We disagree. The text of the settlement agreement does not limit the Sirchias to acting in their individual capacities. Further, as previously stated, the trust was aggrieved by the probate court's order on the matter of fees. And trustee Sirchia is a proper party to appeal the order on the aggrieved trust's behalf. Accordingly, we, like the motion panel, reject Jones's jurisdictional argument.

On appeal, trustee Robert Sirchia argues that the probate court erred in approving approximately $173,000 in fiduciary and attorney fees related to litigation against the Sirchias that sought to invalidate gifts from Burhop and to invalidate estate planning documents regarding Burhop's post-death estate executed by Burhop about one year before Jones was appointed conservator. According to trustee Sirchia, the probate court erred in approving those fees because the litigation was commenced and continued: (1) on the basis of speculation by Jones; (2) absent the knowledge, request, or consent of Burhop; and (3) despite the lack of any immediate or future need to maintain Burhop's standard of living sufficient to justify the litigation costs.

We review for an abuse of discretion a probate court's approval of fiduciary and attorney fees. *In re Estate of Adams*, 257 Mich App 230, 236; 667 NW2d 904 (2003); *In re Estate of Krueger*, 176 Mich App 241, 248; 438 NW2d 898 (1989); *In re Humphrey Estate*, 141 Mich App 412, 439; 367 NW2d 873 (1985). An abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). Although we review for an abuse of discretion a probate court's dispositional rulings, this Court reviews for clear error the underlying factual findings made by the probate court. *In re Portus*, __ Mich App __, __; __ NW2d __ (2018); slip op at 3; *In re Bibi Guardianship*, 315 Mich App 323, 328; 890 NW2d 387 (2016). A probate court's factual finding is clearly erroneous when this Court is left with a definite and firm conviction that a mistake was made, even if there was evidence to support the finding. *Portus*, __ Mich App at __; slip op at 3; *Bibi Guardianship*, 315 Mich App at 329. In applying the clearly erroneous standard, "regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C). We review de novo issues of statutory interpretation. *Portus*, __ Mich App at __; slip op at 3. The probate court abuses its discretion when it makes an error of law. *Id.*

This case implicates provisions contained in the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.* "If not otherwise compensated for services rendered, a visitor, guardian ad litem, attorney, physician, conservator, or special conservator appointed in a protective proceeding, is entitled to reasonable compensation from the estate." MCL 700.5413. MCL 700.5423 provides, in relevant part, as follows:

> (2) Acting reasonably in an effort to accomplish the purpose of the appointment and without court authorization or confirmation, a conservator may do any of the following:
>
> * * *
>
> (z) Employ an attorney to perform necessary legal services or to advise or assist the conservator in the performance of the conservator's administrative duties, even if the attorney is associated with the conservator, and act without independent investigation upon the attorney's recommendation. An attorney employed under this subdivision shall receive reasonable compensation for his or her employment.
>
> (*aa*) Prosecute or defend an action, claim, or proceeding in any jurisdiction for the protection of estate property and of the conservator in the performance of a fiduciary duty.

Jones clearly had the authority to prosecute a civil action for the protection of the property in the conservatorship estate, MCL 700.5423(2)(aa), and to employ an attorney to assist her in prosecuting the civil action, MCL 700.5423(2)(z). We appreciate that the cash gifts Burhop made to the Sirchias and the conveyance of an interest in Burhop's home to Anne Sirchia occurred before the conservatorship was established. We nonetheless construe MCL 700.5423(2)(aa) as allowing or authorizing a conservator to file a civil action to recapture property that should and would have been part of the conservatorship estate but for previous unlawful transfers or conveyances. This proposition is consistent with a conservator's authority to "[c]ollect, hold, or retain estate property." MCL 700.5423(2)(a).

The record reflects that after the probate court appointed Jones as Burhop's conservator, Jones learned of questionable transfers of property by Burhop to the Sirchias before the conservatorship estate was created. Jones testified at the evidentiary hearing that she investigated the transfers and that her investigation did not persuade her of the legitimacy of certain transfers and acts. This included Burhop's purportedly giving a substantial amount of money to the Sirchias, Burhop's deeding of a real property interest to Anne Sirchia, and Burhop's changes to her estate planning documents with the Sirchias' direct involvement behind the scenes. Jones testified that the surrounding circumstances, the conduct of the Sirchias, and their responses to her inquiry led her to believe in good faith that Burhop, a person of diminished mental capacity, had been unduly influenced by the Sirchias. Jones indicated that she attempted to negotiate with the Sirchias in an effort to recover Burhop's assets for placement into the conservatorship estate, but those negotiations failed. Consequently, Jones exercised her authority as a conservator under MCL 700.5423, in an effort to collect estate property that she thought the Sirchias had wrongfully obtained. To do so, Jones hired an attorney to provide her

legal advice and services as necessary to carry out her duties as conservator. The record also reveals that with the advice and assistance of counsel and after educating herself regarding her authority under EPIC and the cost and benefits to the conservatorship estate, Jones commenced the litigation against the Sirchias. No evidence controverted Jones's testimony in this regard.

We conclude, as did the probate court, that Jones acted appropriately, properly exercising her authority as a conservator under the authority granted by EPIC. The fiduciary and attorney fees paid for by the conservatorship estate were incurred in relation to Jones's efforts to fulfill her duties as a conservator. We agree with the probate court's conclusion that under the circumstances Jones would have been negligent in her duties had she not taken any action and pursued the litigation. The probate court's decision to approve the fiduciary and attorney fees did not fall outside the range of reasonable and principled outcomes.

Robert Sirchia argues in conclusory fashion that the litigation lacked factual and legal merit. We disagree. The record reflects that conservator Jones presented viable claims that the probate court refused to dismiss when the Sirchias moved for summary disposition of the claims. Indeed, the Sirchias filed 16 unsuccessful motions for summary disposition and served numerous voluminous discovery requests on Jones. Because of the Sirchias' scorched-earth approach to the litigation, Jones was effectively forced to settle the litigation to avoid depleting Burhop's assets. Because the settlement resulted in the waiver and release of all claims and disputes, there was no adjudication on the merits. We cannot conclude that the litigation lacked merit. The denial of myriad motions for summary disposition revealed that Jones's allegations of wrongdoing were viable. Jones acted reasonably and had authority to commence and prosecute the litigation as part of an effort to protect and preserve the conservatorship estate for Burhop's benefit.

We conclude that Robert Sirchia's reliance on *In re Valentino Estate*, 128 Mich App 87; 339 NW2d 698 (1983), is misplaced. The probate court correctly observed that the *In re Valentino* panel decided that case before the Legislature enacted EPIC and, therefore, the case was not controlling. Further, the probate court correctly ruled that EPIC grants a conservator authority to hire an attorney to take legal action to assist the conservator in carrying out duties to the conservatorship estate and ward. MCL 700.5423(2)(z). Additionally, while this Court in *In re Valentino* indicated that a benefit had to be achieved as a prerequisite to awarding legal fees to counsel and a fiduciary, MCL 700.5423(2) focuses on whether a conservator acted "reasonably in an effort to accomplish the purpose of the appointment." And here, under the circumstances confronted by Jones upon her appointment, she acted reasonably in an effort to protect, preserve, and reclaim property relative to the conservatorship estate. Contrary to Robert Sirchia's assertion, the litigation commenced by Jones was not based on speculation but on factual circumstances that gave rise to a reasonable suspicion of wrongdoing.

With respect to trustee Sirchia's argument that the probate court erred in approving the payment of fiduciary and attorney fees because Burhop did not have knowledge of, request, or consent to the litigation, we find the argument illogical. The argument ignores the fact that Burhop, suffering from dementia, was declared a legally incapacitated person in need of a guardianship and conservatorship, authorizing and allowing others to make decisions on her behalf and in her best interests. The argument is simply unavailing.

With respect to Robert Sirchia's contention that the probate court erred in approving the payment of fiduciary and attorney fees because there was no immediate or future need to maintain Burhop's standard of living sufficient to justify the litigation costs, we again find no merit in the argument. First, the argument unfairly views Jones's decision to litigate in hindsight. Jones certainly had no idea at the outset that the costs of litigation would reach the level they did, driven by the Sirchias' approach to the litigation. And, moreover, there was the prospect of returning nearly half a million dollars to the conservatorship estate had the litigation been successful. Second, the litigation was not a matter of need and Burhop's standard of living. Rather, the litigation sought to rectify a perceived wrong and to make Burhop whole, as well as to hold the Sirchias accountable.

Next, the probate court properly considered the skill, time, and labor involved in the litigation, the amount in controversy, the difficulty of the litigation, and the expenses incurred. See *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573, 588; 321 NW2d 653 (1982); MRPC 1.5(a). The probate court appropriately found Jones's actions as conservator to be reasonable, considering the potential benefit to the conservatorship estate. Further, the probate court had firsthand knowledge of the complexity of the litigation and the reasons for the expenses incurred by the conservatorship. The record supports the probate court's conclusion that the litigation expenses escalated because of the Sirchias' aggressive and contentious litigation style. Jones had no choice but to respond to the Sirchias' numerous discovery requests and the voluminous summary disposition motions. The record shows that although Jones and her attorney faced every challenge, they did nothing to unreasonably increase the litigation expenses.

The probate court also appropriately considered Jones's decision to settle instead of pressing on to trial. The probate court found settlement reasonable under the circumstances, where Jones made the decision to settle after performing a cost-benefit analysis. The probate court based its conclusion on Jones's unrebutted testimony at the evidentiary hearing. Additionally, the probate court properly considered Jones's account statements and the documentary evidence she submitted that supported the request for approval of the fiduciary and attorney fees. Jones presented the probate court ample evidence to meet her burden of establishing justification for the fiduciary and attorney fees the conservatorship estate paid.

In sum, the probate court did not abuse its discretion in approving the payment of fiduciary and attorney fees, nor were any of the court's factual findings clearly erroneous. Reversal is unwarranted.

We affirm. Having prevailed on appeal, Jones may tax costs under MCR 7.219.

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ Amy Ronayne Krause

-6-